IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE APPLICATION OF<br><br>SANTOS HERNAN MATUTE-CASTRO<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>JOSSELINNE PAMELA JIMENEZ-ORTIZ<br><br>Defendant/Respondent | Civil Action File No. |

**VERIFIED COMPLAINT AND PETITION
FOR RETURN OF THE CHILD**

Plaintiff and Petitioner, Santos Hernan Matute-Castro respectfully shows this Court as follows:

**I. INTRODUCTION**

1.     This action is brought by Santos Hernan Matute-Castro ("Mr. Matute-Castro" or "Petitioner"), a citizen of Ecuador, to secure the return of his five-year-old son, Matias Alexander Matute-Jimenez ("Child"), who has been, wrongfully retained in the Eastern District of New York by the Child's mother, Defendant/Respondent Josselinne Pamela Jimenez-Ortiz ("Ms. Jimenez-Ortiz" or "Respondent").

2.      This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2] A copy of the Hague Convention is attached hereto as Exhibit A. The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, among other Contracting States, the United States of America and Ecuador.

3.      The objects of the Hague Convention are:

Article 1(a):    To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

Article 1 (b)    To ensure that rights of custody and of access under the law of one contracting State and effectively respected in other Contracting States.

4.      The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,760 at 1,22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986)
[2] 42 U.S.C. §§ 11601-11610 (2011).

## II. JURISDICTION AND VENUE

5. This court has jurisdiction over this case pursuant to 42 U.S.C. 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. 1331 (federal question jurisdiction). Venue is proper pursuant to 42 U.S.C. 11603 and 28 U.S.C. 1391 (b) because, upon information and belief, the Child and Respondent are residing in Queens County of the Eastern District of New York at 58-24 79th Avenue, Ridgewood, NY 11385. A copy of an affidavit of service and translation$^3$ thereof setting forth Respondent's aforesaid address, and executed by the Respondent before the Consul General of Ecuador in New York is attached hereto as Exhibit B.

## III. STATEMENT OF FACTS

6. On May 1, 2010, Ms. Jimenez-Ortiz gave birth to Matias Alexander Matute-Jimenez in Cuenca, Ecuador. Mr. Matute-Castro's paternity is acknowledged on the birth certificate. A certified copy of Matias Alexander Matute-Jimenez's birth certificate and a translation thereof are attached hereto as Exhibit C.

7. On January 10, 2012, Mr. Matute-Castro and Ms. Jimenez-Ortiz went before a Notary Public in Cuenca, Ecuador and acknowledged by sworn statement that they had maintained a stable union, free and monogamous

---

$^3$ Translations of the exhibits hereto were made by Jorge Abad, certificate of translation annexed.

more than two years, and until the present date, and that of this union they have procreated a minor child named Matias Alexander Matute Jimenez. A copy of the sworn statement and a translation thereof is attached hereto as Exhibit D.

8. On March 22, 2012, Mr. Matute-Castro and Ms. Jimenez-Ortiz, were married in a civil ceremony in Cuenca, Ecuador. A certified copy of Mr. Matute-Castro and Ms. Jimenez-Ortiz's marriage certificate and a translation thereof is attached hereto as Exhibit E.

9. Until the date of separation between Mr. Matute-Castro and Ms. Jimenez-Ortiz, as detailed below, Mr. Matute-Castro and Ms. Jimenez-Ortiz and the Child lived together at their familial residence at Fermin Cevallos and Jeronimo Carrion, Cuenca, Ecuador.

10. The Child attended school at Centro de Educacion Inicial Cervantes in Cuenca, Ecuador until his trip to the United States of America and his wrongful retention. A copy of a certified letter from the school and a translation thereof is attached hereto as Exhibit F.

11. The Child's pediatrician Medical Doctor, Vladimiro Neira Alvarado, examined the Child on April 22, 2013, and was the Child's primary pediatrician until the child's trip to the United States of America and his wrongful retention. A copy of a certificate from Dr. Neira, certifying that he

was the Child's primary physician, and a translation thereof is attached hereto as Exhibit G.

12. On June 27, 2013, Petitioner appeared before a Notary Public in Cuenca, Ecuador and authorized the Respondent to take the Child with her to the United States from July 2, 2013 to August 18, 2013. A certified copy of the notarized consent and translation thereof is attached hereto as Exhibit H.

13. Upon information and belief, the Child is currently being kept in the company of Respondent, his mother, and the Respondent's parents, Jose Vicente Jimenez and Toya Beatriz Ortiz at 58-24 79th Ave, Ridgewood, Queens, New York 11385.

14. On February 18, 2014, the Judge of "K" Unit Court of Family, Women, Children and Adolescents s of Cuenca, Exhort Number 27856-13, exhorts the Consul of Ecuador in the City of New York, in the United States of America to exhort the Judges with proper jurisdiction based on the domicile where the Child is being retained, more specifically, 58-24 79th Avenue, Ridgewood, Queens in the United States of America, for the return of the child, MATIAS ALEXANDER MATUTE JIMENEZ. A certified copy of the exhort and translation thereof is attached hereto as Exhibit I.

15. On February 18, 2014, the Judge of "K" Unit Court of Family, Women, Children and Adolescents s of Cuenca, requests the Minister of Foreign Affairs and Human Migration of Ecuador to instruct the Consul of Ecuador in New York to notify the Defendant of the Special Summary Proceeding of Santos Hernan Matute Castro against Josselinne Pamela Jimenez Ortiz. A certified copy of letter of request and translation thereof is attached hereto as Exhibit J.

16. On February 19, 2014 the Zone 6 Coordination Office of the Ministry of Foreign Affairs and Human Migration of Ecuador requests the Director of Judiciary International Affairs to issue the Exhort by means of Memorandum No. MREMH-CZ6-CUENCA-2014-0409-M. A certified copy of the exhort and translation thereof is attached hereto as Exhibit K.

17. On June 15, 2014, the Director of Judiciary International Affairs of the Ministry of Foreign Affairs and Human Migration of Ecuador instructs the General Consul of Ecuador in New York that, based on the Laws of Ecuador and the Inter-American Convention of Exhorts and Letters Rogatory, serve the Summary Proceeding case of Mr. Matute Castro on Ms. Jimenez Ortiz. A certified copy of letter of request and translation thereof is attached hereto as Exhibit L.

18. On July 16, 2014, the General Consul of Ecuador in New York sent a First Notice to Ms. Jimenez Ortiz, at her address of 58-24 79th Ave, Ridgewood, Queens, New York 11385, directing Ms. Jimenez Ortiz to go to the offices of the Consulate to accept personal service of a copy of the Summary Proceeding documents. A certified copy of the First Notice of Citation and translation thereof is attached hereto as Exhibit M.

19. On July 31, 2014, the General Consul of Ecuador in New York sent a Second Notice to Ms. Jimenez Ortiz, at her address of 58-24 79th Ave, Ridgewood, Queens, New York 11385, directing Ms. Jimenez Ortiz to go to the offices of the Consulate to accept personal service of a copy of the Summary Proceeding documents. A certified copy of the Second Notice of Citation and translation thereof is attached hereto as Exhibit N.

20. On August 7, 2014, the General Consul of Ecuador in New York sent a Third Notice to Ms. Jimenez Ortiz, at her address of 58-24 79th Ave, Ridgewood, Queens, New York 11385, directing Ms. Jimenez Ortiz to go to the offices of the Consulate to accept personal service of a copy of the Summary Proceeding documents. A certified copy of the Third Notice of Citation and translation thereof is attached hereto as Exhibit O.

21. On October 7, 2014, Ms. Jimenez Ortiz appeared personally before the Consul General of Ecuador in New York and jointly signed in duplicate

a statement wherein it is indicated that Ms. Jimenez Ortiz was hand-delivered a copy of the Exhort issued by the Judge of "K" Unit Court of Family, Women, Children and Adolescents s of Cuenca. . A certified copy of the Statement of Service and translation thereof is attached hereto as Exhibit B.

22. On October 14, 2014, the Consul of Ecuador in New York sent a memorandum to the Acting Director of International Judiciary Affairs indicating that the Exhort and the complaint were properly served to Ms. Jimenez Ortiz. A certified copy of the Memorandum and translation thereof is attached hereto as Exhibit P.

## IV. WRONGFUL RETENTION OF THE CHILD BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

23. As set forth above, starting on or about August 19, 2013, Respondent wrongfully retained the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the State of New York, United States, in violation of Article 3 ad despite Petitioner's efforts to have the Child returned to Ecuador.

24. Petitioner has never acquiesced or consented to the retention of the Child in the United States or to his living outside of Ecuador.

25. Respondent's retention of the of the Child is wrongful within the meaning of Article 3 of the Convention because:

   (a) It is in violation of Petitioner's rights of custody as established by the Ecuadorian law. A copy of Article 77 of the Ecuadorian Child and Adolescents Act and translation thereof is attached hereto respectfully as Exhibit Q. Specifically, Respondent's retention of the Child is in violation of Petitioner's right as a physical custodian to determine the Child's place of residence. See Hague Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

   (b) At the time of the authorized travel of the Child from Ecuador to the United States, the Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's retention of the Child, Petitioner would have continued to exercise those rights, had the Respondent returned to Ecuador on August 18, 2013, as originally agreed; and

(c) The Child was habitually resident with Petitioner in Ecuador within the meaning of Article 3 of the Convention immediately before retention in the United States by Respondent.

26. Respondent is currently wrongfully retaining the Child in the State of New York, County of Queens.

27. Upon information and belief, Respondent is keeping the Child at Respondent's parents' residence, 58-24 79th Ave, Ridgewood, Queens, New York 11385.

28. The Child is now five years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to the Child.

29. This Petition is filed more than one year from Respondent's wrongful retention of the Child.

## V. PROVISIONAL REMEDIES
### (42 U.S.C. Section 11604 & HAGUE CONVENTION, ARTICLE 16)

30. Petitioner requests that this Court issue an immediate order restraining Responding from removing the Child from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the Child, directing any United States Marshal or other law enforcement officer to bring the Child before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI. ATTORNEY FEES AND COSTS
## (42 U.S.C. Section 11607)

31. To date Petitioner has incurred attorney's fees and costs as a result of the wrongful retention of the Child by the Respondent.

32. Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 42 U.S.C. Section 11607.

## VI. RELIEF REQUESTED

**WHEREFORE,** Petitioner, Santos Hernan Matute-Castro, prays for the following relief:

(a) An immediate temporary restraining order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

(b) The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that respondent show cause at this hearing why the Child should not be returned to Ecuador, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the

action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(c) A final judgment in Petitioner's favor establishing that the Child shall be returned to Ecuador, where an appropriate custody determination can be made by an Ecuadorian Court under Ecuadorian law;

(d) An order requiring that Respondent pay Petitioner's expenses an costs, including transportation costs, under 42 U.S.C. Section 11607, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlined under Local Rule 54.2 (A) of this Court; and

(e) For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 4th day of August, 2015

_____
Sean Wright, Esq. (sw9272)

SEAN WRIGHT, P.C.
76-03 Roosevelt Ave, 2nd Floor
Jackson Heights, NY 11372
Telephone: (718) 779-8074
Facsimile: (646) 349-2544
seanwrightlaw@gmail.com          Attorneys for Plaintiff/Petitioner

## VERIFICATION

I am the attorney for Plaintiff/Respondent, Santos Hernan Matute-Castro. I make this verification on behalf of Petitioner because Petitioner is absent from this country. The above document is true based on the above-identified attorney's investigation to date and communications between this attorney and Mr. Matute Castro, except as to the matters that are stated in it on information and belief and as to those matters I believe it to be true. I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

This 4th day of August, 2015

_____
Sean Wright, Esq. (sw9272)
Attorney for Plaintiff/Respondent

## **CERTIFICATE OF FONT AND POINT SELECTION**

I HEREBY CERTIFY that the foregoing was prepared in Times New Roman font in 14 point type in compliance with Local Rule 5.1(B).

_____
Sean Wright, Esq. (sw9272)
Attorney for Petitioner

## CERTIFICATE OF ACCURACY

I, Jorge Abad, upon my oath, state: That I am competent translator of the English and Spanish languages, and that I have made a translation of the attached documents faithfully and accurately from Spanish and into English to the best of my knowledge and ability. I attest to this fact by affixing my signature below.

*Jorge Ab___*
Jorge Abad

Sworn to before me this
4th day of August, 2015

*Sean T. W___*
NOTARY PUBLIC
My commission expires on

SEAN T. WRIGHT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02WR6143481
Qualified In Queens County
My Commission Expires April 10, 2018